## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Brian Loma

     Plaintiff(s),

v.

City and County of Denver, a municipality
The Denver Sheriffs Department, an agency of a municipality
Denver City Atty Kristin Bronson in her individual and official capacities
Sheriff Firman , individually, and in his official capacity as Sheriff of Denver
Deputy Chavez, Badge #15-11 individually, and in her official capacity as Denver Sheriff
Deputy
Unknown officer #1 in her individual and official capacities as Denver Sheriff Deputy
Unknown officer #2 in her individual and official capacities as Denver Sheriff Deputy

     Defendant(s).

_____

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
01/07/2021
**JEFFREY P. COLWELL, CLERK**

## COMPLAINT AND JURY DEMAND

Plaintiff Brian Loma, a resident of the the state of Colorado, representing himself pro se, respectfully alleges for his Complaint and Jury Demand as follows:

### Introduction

1. The Lindsey Flannigan Courthouse is a public building located at 500 Colfax Ave in Denver Colorado, is a public building funded at public cost.  It houses parts of the Judicial Branch for plaintiffs and defendants in Civil and Criminal matters. These matters are of the public interest, and are open to the public.  The 5 story building houses offices for a variety of

judicial branches, Clerk of Courts, Treasury, and the Denver Sheriffs Department. Additionally, the Municipal Public Defender, State Public Defender, Child Advocates and Allied Security have previously or are actively utilizing space within the buildings.  Offices have public lobbies with security doors, a reception area and often have chairs for waiting as well as bulletin boards for the posting of information to the public.  The building has private security contractors who observe and monitor internal video as well as interact with the public at entrances with security screening checkpoints.

2. Plaintiff alleges that on January 07,2019 he was at the Lindsey Flannigan Courthouse attending a public hearing in open court.  The specific information about the trial location was difficult to locate so he walked into a  public lobby of an office for Clerk of Courts.  The office of the clerk of courts has an internal lobby.  This lobby includes a screened reception space or opening, a secure doorway with a security carded doorway employee entrance. chairs in a seating area and a public bulletin board.  After inquiring about the specific courtroom for the hearing he was seeking to attend, the plaintiff noticed the public information, and upon reading a public notice on the notice board of the public lobby; decided to digitally preserve this public information for use in public education and broadcast.

3.  While waiting on the requested information and quietly broadcasting; two Denver Sheriff Department (DSD) officers entered the public lobby where the plaintiff was located, and blocked the passageway of egress, physically detaining Mr Loma inside the lobby.  They were not in the presence of any contracted private security guards. There were no public breaches of the peace, use of fighting words or other actions to disturb the peace.

4. These DSD employees then issued instructions to terminate my broadcast or I would be trespassed from the property and arrested.   This included the statement that there is a building policy against videotaping inside the property, no law was stated.    After a brief discussion, the video was terminated.  This represents Constitutional violations of the First and Fourth Amendments.

5. This also violates specific State statutes: C.R.S. *§* 13.21.128, C.R.S. *§* 16.3.311 regarding lawful recording of peace officers.

6. No objectively reasonable officer would have believed that Mr. Loma committed any crime. Plaintiff's rights under the First and Fourth Amendments to the United States Constitution were violated, as he was threatened with trespass and possible arrest, a retaliation for his protected speech, despite the fact that he had done nothing giving rise to probable cause to believe that plaintiff had violated any law.

## JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331.

8. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

9. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State at the time of the events giving rise to this complaint.

## PARTIES

10. At all times relevant to this complaint, Plaintiffs were citizens of the United States of America and residents of the State of Colorado.

11. Defendant City and County of Denver ("Denver") is a Colorado municipal corporation.

12. The Denver Sheriffs Department, an agency of the City and County of Denver - a

3

Colorado municipal corporation.

13. At all times relevant to this complaint, Defendant Kirstin Bronson. was a citizen of the United States and a resident of the State of Colorado  who was acting under color of state law in her capacity as a City Attorney employed by Denver.

14.  At all times relevant to this complaint, Defendant Patrick Firman was a citizen of the United States and a resident of the State of Colorado who was acting under color of state law in his capacity as a Denver Sheriff, employed by Denver

15. At all times relevant to this complaint, Defendant Depudy Mellissa Chavez. was a citizen of the United States and a resident of the State of Colorado  who was acting under color of state law in her capacity as a City Attorney employed by Denver.

16.  At all times relevant to this complaint, Defendant Deputy unknown officer(s). were resident/citizen of the United States and a resident of the State of Colorado who was acting under color of state law in her capacity as a City Attorney employed by Denver.

## **FACTUAL ALLEGATIONS**

17. Plaintiff Brian Loma is a resident of Colorado, with known affiliations with Occupy Denver, Denver Homeless Out Loud, 350 Colorado, Colorado Rising and other activism communities.  Plaintiff often documents and broadcasts public information and considers himself an independent journalist in the community working on various matters including homelessness, free speech, and the activities of other activists, and the activities of government officials relative to these matters.

18. Plaintiff broadcasts on his YouTube channel named "Cut The Plastic" and receives nominal advertising revenue generated from this streaming service.  The incident in question is available at https://youtu.be/tJwtxQwdaeo

4

19. Plaintiff's regular interactions with law enforcement, government opperations and policy establishes himself as a person with abnormal fortitude in regards to interactions with said agencies and associated employees.

20. On the date in question, there were no valid regulations or policies established with public hearings which properly or legally created any policy or law which would prohibit videotaping in the public areas of the building.

21. Regulations formed as Joint Orders 19-01 and 19-02 regarding conduct at the Lindsey Flannigan Courthouse were not enacted until July, 2019. These orders were written in direct response to videotaping inside the Lindsey Flannigan Courthouse where video exposed fraudulent activities perpetrated by the Denver Municipal Public Defender's office that were later testified to in a court of law. See (City of Denver v Brandt 2019)

22. Plaintiff alleges that on January 07,2019 he was at the Lindsey Flannigan Courthouse to attend a public hearing in open court. The specific information about the trial location was difficult to locate so he walked into a  public lobby of an office for Clerk of Courts. The office of the clerk of courts has an internal lobby. This lobby includes a screened reception space or opening, a securdoorway with a security carded doorway employee entrance, chairs in a seating area, and a public bulletin board. After inquiring about the specific courtroom for the hearing he was seeking to attend, the plaintiff noticed the public information, and upon reading a public notice on the notice board of the public lobby; decided to digitally preserve this public information for use in public education and broadcast.

23. While waiting for information regarding a specific court hearing location, plaintiff began quietly broadcasting. While engaged in this activity two Denver Sheriffs Department (DSD) officers entered the public lobby where the plaintiff was located, and blocked the passageway of egress, physically detaining Mr Loma inside the lobby. They were not in the presence of any contracted private security guards. There were no public breaches of the peace, use of fighting words or other actions to disturb the peace.

24. Defendant, Chavez, then issued instructions to terminate my broadcast or that the Denver Police Department would be contacted and I would be trespassed from the property and charged with public peace disturbance.   This included the statement that there is a building policy against videotaping inside the property, no law was stated.

25. Defendant Chavez was at all times escorted by a secondary Denver Sheriff Deputy, the second deputy is replaced by a third making a total of three Deputies on scene.

26.  Plaintiff asserted his rights to video, to video police and communicated in a natural non violent manner at all times, cooperating with commands, terminating the video.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
*42 U.S.C. § 1983 – First Amendment*
*Free Speech Violation*
(Against All Defendants)

27. Plaintiff hereby incorporate all other paragraphs of this Complaint as if  fully set forth herein.

28. At all times relevant to this Complaint, Defendants were acting under the  color of law.

29. The right to gather, receive, record, and disseminate information is  grounded in the Free Speech Clause of the First Amendment to the Constitution of the  United States.

30. Preserving information on matters of public concern while in a public lobby, without interfering with law enforcement or government operations, is speech protected by the First Amendment to the Constitution of the United States.

31. Observing, broadcasting and/ or recording public information on a public information board while in a public lobby, is a legitimate means of gathering and disseminating information for the purpose of educating the public in matters of responsible

6

action or activity in petitioning the government for redress of grievances, and is therefore speech protected by the First Amendment to the Constitution of the United States.

32. By interfering with plaintiff's federally protected activity in documenting and disseminating public information, from and in a public space and specifically by threatening seizure and arrest, the named Defendants violated plaintiff's constitutional rights and made themselves liable for those violation(s).

## SECOND CLAIM FOR RELIEF
*42 U.S.C. § 1983 – First Amendment*
*Retaliation*
(Against all Defendants)

33. Plaintiff hereby incorporates all other paragraphs of this First Amended Complaint as if fully set forth herein.

34. At all times relevant to this Complaint, Defendants were acting under the  color of law.

35. Plaintiff Loma was engaged in First Amendment protected activity by preserving information on matters of public concern while in a public lobby, a traditional public space, without interfering with court or other operations.

36. Plaintiff Loma was engaged in First Amendment protected activity by  gathering, receiving, recording, and disseminating information on matters of public importance. This included observing and recording information of public interest, from a public information board, while standing in a public lobby.

37. Plaintiffs speech and expression were related to matters of public concern  and did not violate any law.

38. Defendants did not at any time have a reasonable basis for believing that  Plaintiffs

were using violent or offensive language or behaviour which would be calculated to provoke a breach of the peace. In other words, Defendants did not have a reasonable basis for believing that  Plaintiffs were using fighting words – words which, by their very utterance inflict  injury or tend to incite an immediate breach of the peace.

39. Defendants responded to Plaintiffs' First Amendment-protected activity with retaliation by threatening the act of contacting the Denver Police Department and going through a process of tresspassing the plantiff.  The plaintiff perceived this to potentially include the aspects of handcuffing, arresting, charging him with trespassing, disturbing the peace or other charges and booking him into jail. Plaintiff complied with Defendants' instructions and terminated his protected activity, thereby experiencing a seizure.

40. Defendants' retaliatory actions were substantially motivated by Plaintiffs' exercise of their First Amendment rights.

41. By unlawfully threatening trespass,  Defendants sought to punish Plaintiffs for exercising their First Amendment rights, to  silence their future speech, and restrict their freedom of expression, and the future  speech and expression of others. Defendants' retaliatory actions would chill a person of  ordinary firmness from engaging in First Amendment-protected activity.

**THIRD CLAIM FOR RELIEF**
*42 U.S.C. § 1983 – Fourth Amendment*
*Unlawful Seizure / False Arrest*
(Against All Defendants)

42. Plaintiffs hereby incorporate all other paragraphs of this First Amended Complaint as if fully set forth herein.

43. At all times relevant to this Complaint, Defendants' were acting under the  color of law.

44. Defendants did not at any time have probable cause or reasonable suspicion, or any other legally valid basis, to believe that Plaintiff had committed or  was committing any violation of the law prior to seizing and detaining him and  continuing to restrain him

45.  Defendants by blocking Plaintiff's egress from the room and by threatening arrest and seizure committed an unconstitutional seizure of his person.

46.  Defendants' actions of claiming an unlawful violation, and repeating the threat of trespass and charges of Disturbing the Peace did cause defendant to obey the instructions to terminate speech.

47.  Plaintiff did terminate speech, complying with instructions.  The combination of instructions plus compliance equals a seizure.

48. Defendants did not at any time have a reasonable basis for believing that Plaintiff was using violent or offensive language calculated to provoke a breach of the peace or other such activity that would cause trespass. In other words Defendants did not have a reasonable basis for believing that Plaintiffs was using fighting words – words which, by their very utterance inflict injury or tend to incite an immediate breach of the peace.

49. Defendants did not at any time have a warrant authorizing any such  seizure and detention of Plaintiff's body or belongings.

## FOURTH CLAIM FOR RELIEF
C.R.S. § 16.3.311 – *Right to Videotape Police*
(Against all Defendants)

50. Plaintiffs hereby incorporate all other paragraphs of this First Amended Complaint as if fully set forth herein.

51. At all times relevant to this Complaint, Defendants were acting under the color of law.

52.  The Defendants violated plaintiff's statutorily protected rights under CRS 16-3-311 by failing to follow the statutory procedure for dealing with videotaping and protected speech. The statue clearly states, among other things that such press activity is protected and that officers should not seize or attempt to seize materials without a warrant, or an exception to the warrant requirement. C.R.S. Sec. 16 -3-311(1).

53.  Defendants, acting under color of state law used force or threats of force to make the protected activity stop.

54. Defendants did not at any time have probable cause or reasonable suspicion, or any other legally valid basis, to believe that Plaintiffs had committed or  were committing any violation of the law prior to seizing and detaining them and  continuing to restrain them.

55.  Plaintiff stated that now that officers were involved he retained a right to video them, stating that state statutes were now applicable.

56.  Defendants' statements were not supportive of continued videotaping, did not appear to recognize the existence of the statute, and indeed designed to and such activity ceased, precisely because plaintiff did not wish to be falsely arrested.

### FIFTH CLAIM FOR RELIEF

*§ 13-21-128.  Civil liability for destruction or unlawful seizure of recordings by a law enforcement officer* (Against all Defendants)

57.  Plaintiffs hereby incorporate all other paragraphs of this First Amended Complaint as if fully set forth herein.

58. At all times relevant to this Complaint, Defendants were acting under the  color of

law.

59.  The Defendants violated plaintiff's statutorily protected rights under CRS *§ 13-21-128* by failing to follow the codified procedure for dealing with videotaping and protected speech. The statue clearly states, among other things that such press activity is protected and that officers should not seize or attempt to seize materials without a warrant, or an exception to the warrant requirement.

60. Defendants, acting under color of state law used force or threats of force to make the protected activity stop.

61. Defendants did not at any time have probable cause or reasonable suspicion, or any other legally valid basis, to believe that Plaintiffs had committed or were committing any violation of the law prior to seizing and detaining them and continuing to restrain them.

62. Plaintiff stated that now that officers were involved he retained a right to video them, stating that state statutes were now applicable.

63. Defendants' statements were not supportive of continued videotaping, did not appear to be even cognizant of the statute, and indeed designed to and such activity ceased, precisely because plaintiff did not wish to be falsely arrested.

64. As Plaintiff ceased activity under the threat of force as stated above, and as stated in the third claim, the act of seizure exists because of compliance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award him all relief as allowed by law and equity, including, but not limited to the following:

> a. Declaratory relief and injunctive relief, as appropriate;
>
> b. Actual economic damages as allowed by law and as established at trial; c.

Compensatory damages as allowed by law, including, but not limited to those for

past and future pecuniary and non-pecuniary losses, emotional pain, suffering,

33

inconvenience, mental anguish, loss of enjoyment of life, medical bills, and

other  non-pecuniary losses;

d. Punitive damages for all claims as allowed by law in an amount to be determined

at trial;

e. Issuance of an Order mandating appropriate equitable relief, including, but not

limited to:

i. Issuance of a formal written apology from each Defendant to Plaintiff;

ii. The imposition of policy changes designed to avoid future similar
misconduct by Defendants;

iii. Mandatory training designed to avoid future similar misconduct by
Defendants;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorney's fees and costs; and

h. Such further and or other relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO**

**TRIABLE.**

PLAINTIFF'S SIGNATURE  AND OATH

.  I declare under penalty of perjury that I am the plaintiff in this action, that I have

read this complaint, and that the information in this complaint is true and correct. See 28

U.S.C. § 1746; 18 U.S.C. § 1621. Under Federal Rule of Civil Procedure 11, by signing

below, I also certify to the best of my knowledge, information, and belief that this

complaint: (1) is not being presented for an improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by

existing law or by a nonfrivolous argument for extending or modifying existing law; (3)

the factual contentions have evidentiary support or, if specifically so identified, will likely

have evidentiary support after a reasonable opportunity for further investigation or

discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


Plaintiff Brian Loma, Pro Se

Brian Loma   Signed electronically

_____ (January 7, 2021)

**CERTIFICATE OF SERVICE**

I hereby certify that on [**INSERT DATE**]_____,

I sent a copy of the **NOTICE OF CHANGE OF ADDRESS OR TELEPHONE NUMBER**

to the following parties in the way described below each party's name:


Party Name:_____

How Served:_____

Party Attorney's Name:_____

Address:_____

_____

Telephone Number:_____

Email Address:_____


Party Name:_____

How Served:_____

Party Attorney's Name:_____

Address:_____

_____

Telephone Number:_____

Email Address:_____


_____

(Signature of person completing service)

Print Name:_____

Address:_____

_____

Telephone Number:_____

Email Address:_____


15